## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHUR DUMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-229-SLR-SRF |
| | ) |
| ABB GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

**I. INTRODUCTION**

Presently before the court in this personal injury diversity action is a Motion to Vacate the Magistrate Judge's November 25, 2013 Order (the "Motion" or "Motion to Vacate"), filed by Defendant ITT Corporation ("ITT"). (D.I. 282) Arthur Dumas (the "Plaintiff") opposes ITT's motion. (D.I. 289) For the reasons which follow, ITT's Motion to Vacate is DENIED.

**II. BACKGROUND**

The Plaintiff initiated this action on by filing a complaint in the Superior Court of Delaware on December 14, 2012. (D.I. 1, Ex. A) The complaint asserts various causes of action arising out of Plaintiff's alleged exposure to asbestos throughout his employment. (*Id.*) ITT was not named as a Defendant in that complaint. (*Id.*)

Under the Delaware Superior Court's Standing Order No. 1, Plaintiffs had 60 days, or until February 12, 2013, to complete service of process for all Defendants. *See* Standing Order No. 1 ¶ 6, *In re: Asbestos Litig.*, No. 77C-ASB-2 (Del. Super. Ct. Apr. 29, 2011).

On January 23, 2013, Plaintiff filed an affidavit in the Superior Court stating that he sent via registered mail a copy of the complaint to Foster Engineering Company. (D.I. 283, Ex. B) Plaintiff attached to the affidavit a copy of a return receipt showing that the complaint had been

1

F.R.D. 453, 454 (D. Del. 2010).

When entertaining a motion to extend time for service, the court conducts a two-part inquiry. *See Thompson v. Target Stores*, 501 F. Supp. 2d 601, 604 (D. Del. 2007). First, a court must determine whether there is good cause for the failure of proper service; if so, the court must extend the time for service and the inquiry is complete. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Second, if good cause is not found, the court may, in its discretion, either grant an extension for service or dismiss the case without prejudice. *Id. See also MCI Telecomms.*, 71 F.3d at 1098.

Courts generally consider three factors in determining whether good cause exists: "(1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service." *Thompson*, 501 F. Supp. 2d at 604 (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for failure to obtain good service within the time frame set forth by Rule 4(m). *Id. See also MCI Telecomms.*, 71 F.3d at 1097; *Walkup v. Air & Liquid Sys. Corp.*, 2013 WL 5396674, at *2 (D. Del. Sept. 26, 2013), *report and recommendation adopted*, 2013 WL 5786517 (D. Del. Oct. 24, 2013).

## IV. DISCUSSION

ITT offers two arguments in support of its Motion to Vacate. First, ITT contends that there was "no good cause pled or found to justify [the] extension under [Rule 4(m)]." (D.I. 283 at 6) Second, ITT asserts that "an additional discretionary extension of the service deadline was not justified under [Rule 4(m)] and ITT will otherwise be greatly prejudiced." (*Id.*)

The court agrees with ITT that there was no good cause for an extension of time to

complete service of process. Nevertheless, the court properly exercised its discretion in granting the Plaintiff's request. Furthermore, under the facts of this case, ITT will not suffer great prejudice if its Motion to Vacate is denied.

### A. Good Cause

In deciding whether to extend a plaintiff's deadline to serve the defendant pursuant to Rule 4(m), the court must first determine whether good cause exists for an extension of time. *Petrucelli*, 46 F.3d at 1305. When evaluating good cause, courts should focus primarily on the plaintiff's reasons for failure to timely perfect service. *See Thompson*, 501 F. Supp. 2d at 604; *Walkup*, 2013 WL 5396674, at *2.

In the present case, good cause has not been demonstrated to justify an extension of time for Plaintiff to complete service of process. Plaintiff's only explanation for his failure to obtain good service is that he "mistakenly took no steps to serve" ITT, despite having 260 days[2] to do so. (D.I. 276 ¶ 1) The Third Circuit recognized long ago that "inadvertence of counsel does not constitute good cause." *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987). Consequently, there was no good cause for the extension of time to complete service.[3]

### B. Discretionary Extension of Time and Prejudice to ITT

Notwithstanding the absence of good cause, "'the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.'" *MCI Telecomms.*, 71 F.3d at 1098 (quoting *Petrucelli*, 46 F.3d at 1305). Although the Third Circuit has not provided an

---

[2] There are 260 days between December 12, 2012, the date this action was filed, and August 28, 2013, the date on which Plaintiff's second extended deadline for completion of service expired.

[3] In determining that there was no good cause, the court is not persuaded by Plaintiff's argument, which urges that there is good cause for an extension "if necessary to correct oversights in compliance with the requirements of multiple service[.]" (D.I. 289 at 2, 3 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993))) At the time ITT was joined, service was incomplete for only two defendants, including ITT. Thus, there was no backlog of unserved defendants that caused Plaintiff to "mistakenly [take] no steps to serve" ITT. (D.I. 276 ¶ 1)

exhaustive list of factors district courts should consider when deciding how to exercise discretion, it has found that the Advisory Committee note to the 1993 Amendments to Rule 4 provide some guidance. *See Petrucelli*, 46 F.3d at 1305-06. "'[R]elief may be justified, *for example*, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[4] *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). On the other hand, the Third Circuit "express[ed] no opinion as to what factors, in addition to those listed in the Advisory Committee note, a district court may consider when deciding whether to extend time for service or dismiss a case." *Id.* at 1306 n.8.

In the present case, the court properly exercised its discretion to extend the time for service of process, despite Plaintiff's inattention to completing service. *See MCI Telecomms.*, 71 F.3d at 1098 (explaining that "the district court ha[s] the discretion to allow this action to proceed even in the absence of 'good cause'"). The court finds that inclusion of ITT in this action will not cause ITT to suffer undue prejudice. Although the discovery deadlines set in the Scheduling Order recently expired, a limited extension of these deadlines to enable ITT to conduct discovery is an adequate remedy. Additionally, as a result of unrelated discovery issues, the court vacated the dispositive motion deadline of January 10, 2014 and will set a new date. Consequently, ITT and other parties have not lost an opportunity for filing dispositive motions. Finally, the denial of ITT's Motion will not disturb any pretrial deadlines or trial date, as none are presently set.

## V. CONCLUSION

For the foregoing reasons, ITT's Motion to Vacate is DENIED. An appropriate order will follow.

---

[4] Other factors may include whether service was required to be made on multiple defendants, and whether the plaintiff is appearing pro se. *Sene v. MBNA Am., Inc.*, 2005 WL 2304181, at *3 n.1 (D. Del. Sept. 20, 2005) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

6

7

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order in Non-Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: January 9, 2014

Sherry R. Fallon
United States Magistrate Judge