IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION<br>ARTHUR DUMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>ABB GROUP, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 13-229-GMS<br>)<br>)<br>)<br>) |

**MEMORANDUM**

## I. INTRODUCTION

Pending before the court is U.S. Magistrate Judge Fallon's Report and Recommendation ("the R&R"), dated September 30, 2015 (D.I. 423), and the Objections. (D.I. 424, 425, 426, 436, 437). Judge Fallon reviewed the motions for summary judgment of Foster Wheeler LLC ("Foster Wheeler") (D.I. 347), General Electric Company ("GE") (D.I. 349), Owens-Illinois, Inc. ("Owens-Illinois") (D.I. 352), Aurora Pump Company ("Aurora") (D.I. 354), Velan Valve Corporation ("Velan Valve") (D.I. 356), Warren Pumps LLC ("Warren") (D.I. 358), Electrolux Home Products, Inc., individually and as successor to Copes-Vulcan ("Electrolux" or "Copes-Vulcan") (D.I. 359), CBS Corporation ("CBS") (D.I. 362), Ingersoll Rand Company ("Ingersoll Rand") (D.I. 363), Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps, Inc. ("Buffalo") (D.I. 366), IMO Industries, Inc. ("IMO" also referred to as "DeLaval") (D.I. 368), and ABB, Inc., as successor in interest to Bailey Meter, Co. ("ABB") (D.I. 370) (collectively, "the Defendants"). The plaintiff Arthur Dumas ("the Plaintiff" or "Dumas"), opposed Defendants' motions for summary judgment. (D.I. 375; 383; 380; 374; 384; 382; 385; 386; 381; 378; 376; 377).

In the R&R, Judge Fallon recommended that the court grant the Defendants' motions for summary judgment as to the following defendants: Electrolux, ABB, Velan Valve, GE, CBS, Foster Wheeler, and Owens-Illinois and deny summary judgment as to the following defendants: Buffalo, Ingersoll Rand (denied-in-part), Aurora, IMO, and Warren (denied-in-part).[1] For the reasons below, the court will overrule the parties' objections and adopt Judge Fallon's decision.

## II. STANDARD OF REVIEW

Judge Fallon filed her R&R pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure. The pending objections are therefore dispositive and the court's review is *de novo*. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with instructions for further proceedings. *Id.* Under the statute, an exception occurs and *de novo* review is not required when "a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *T.W.T. Distrib., Inc. v. Johnson Prods. Co.*, 966 F. Supp. 2d 576, 578 (W.D.N.C. 2013) (Conrad, J.) (internal quotation marks omitted). "General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. Examining anew arguments already assessed in the M & R would waste judicial resources; parties must explain why the M & R is erroneous, rather than simply rehashing their prior filings." *Wiggins v. Colvin*, 2014 WL 184414, at *1 (W.D.N.C. Jan. 15, 2014) (Mullen, J.) (citations, alterations and internal quotation marks omitted).

Summary judgment is appropriate "if the pleadings, depositions, answers to

---

[1] Dumas argues that summary judgment should be denied regarding punitive damages against Ingersoll Rand and Warren. (D.I. 381 at 14-17; D.I. 382 at 13-16.) However, Dumas provides no argument in support of these claims. (*Id.*) Therefore, the motions for summary judgment of Ingersoll Rand and Warren should be granted in part as unopposed regarding Dumas' punitive damages claims. (*See* D.I. 423 at 18.)

2

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle*, 139 F.3d at 393. A fact is material only if it might affect the outcome of the suit. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* In deciding the motion, the court must construe all facts in the light most favorable to the non-moving party. *Id.* The court must review the record as a whole and "draw all reasonable inferences in favor of the nonmoving party, [but] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## III. DISCUSSION

After having reviewed the record in this case, the R&R, the parties' submissions, and the applicable law, the court agrees with and affirms Magistrate Judge Fallon's recommendations. Thus, the court grants summary judgment for Electrolux, ABB, Velan Valve, GE, CBS, Foster Wheeler, and Owens-Illinois[2] and denies it for Buffalo, Ingersoll Rand (denied-in-part), Aurora, IMO, and Warren (denied-in-part).

### A. Claims

Under maritime law, to establish a prima facie case of asbestos-product liability from a

---

[2] Neither party objects to Judge Fallon's recommendation to grant summary judgment for Electrolux, ABB, Velan Valve, GE, CBS, Foster Wheeler, and Owens-Illinois. Judge Fallon determined that Dumas failed to show that a material issue of fact exists as to whether these defendants' products were a substantial factor in causing Dumas' injuries. (*See* D.I. 423 at 18-29). The court agrees and will adopt this recommendation without additional discussion here.

manufacturer, a plaintiff must prove: 1) he was exposed to the defendant's product, and 2) the product was a substantial factor in causing the injury. *Lindstrom v. A-C Product Liability Trust,* 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.,* 21 F. Appx. 371, 375 (6th Cir. 2001)). Other courts also require proof that (3) the defendant manufactured or distributed the asbestos-containing product that caused the alleged exposure. *Abbay v. Armstrong Int'l, Inc.,* 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012). "In establishing causation, a plaintiff may rely upon direct or circumstantial evidence that supports an inference of exposure to the defendant's product for some length of time." *Id.* However, "minimal exposure" is insufficient, and a "mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom,* 424 F.3d at 492 (quoting *Stark,* 21 F. Appx. at 376). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay,* 2012 WL 975837, at *1 n.1 (quoting *Lindstrom,* 424 F.3d at 492).

### a. Objections of Buffalo

Buffalo objects to the R&R on three grounds. (D.I. 436). First, Buffalo argues that Dumas never established that he was exposed to an asbestos-containing product attributable to Buffalo Pumps. (*Id.* at 2.) Second, Buffalo contends that it cannot be held liable for external insulation and flange gaskets it did not manufacture or supply. (*Id.* at 3.) Third, Buffalo posits that the conclusions in the R&R improperly rely on speculative testimony unsupported by the facts. (*Id.* at 3-5.) Dumas responds that these objections are insufficient to warrant *de novo* review because they merely summarize arguments Buffalo made in its initial briefing on the motion for summary judgment. (D.I. 445 at 2-3). In addition, Dumas argues that it has presented sufficient circumstantial evidence to create a fact issue for the jury as to whether Buffalo Pumps supplied

4

the original asbestos-containing gaskets and packing in its pumps, and that Dumas was substantially exposed to this asbestos. (D.I. 378, Ex. A at 101:10-102:4, 175:25-176:1).

The court agrees that these arguments were previously considered. (*See* D.I. 367 at 13-14, 10-12, 1-8.) In addition, the court finds that issues of material fact still exist. Dumas testified that based on Buffalo's manuals, Buffalo produced the asbestos-containing materials that would have caused Dumas to be exposed to asbestos. (Ex. B at 175:13-176:2.) Mr. Dutridge also identified Buffalo products and testified that they were insulated with asbestos. (*Id.* at 90: 11-91:2). Mr. Mauldin also testified that Dumas was exposed to asbestos through Buffalo products for at least eight hours per day, five to seven days a week. (*Id.* at 209:23-224:15.) Viewed in the light most favorable to Dumas, a fact finder could decide that Buffalo supplied the original, asbestos-containing products, and that Dumas experienced substantial exposure, raising a genuine issue of material fact as to Buffalo's liability.

### b. Objections of Aurora Pump

Aurora Pumps objects to the finding that there is a genuine issue of material fact that Aurora supplied asbestos-containing gaskets and packing inside its pumps. (D.I. 424 at 6.) Aurora contends that there is no evidence that it manufactured or distributed the pumps that harmed Dumas. (*Id.* at 9.) Dumas responds that Aurora's objections reassert arguments made in the initial briefing, (D.I. 439 at 2), and that Mr. Dutridge, Mr. Methner, Mr. Mauldin and Dumas testified that Dumas was exposed to asbestos through Aurora's products. (*Id.* at 3-6.)

The court accepts Judge Fallon's recommendation to deny Aurora's summary judgment motion and reject Aurora's arguments, which were previously raised. (*See* D.I. 354 at 5-14). Dumas has presented circumstantial evidence showing that Aurora supplied the original asbestos-containing gaskets and packing in its pumps and that Dumas was exposed to this asbestos. (Ex. A

at 101:1-102:4). Dumas testified that while serving on the Tidewater he conducted repairs on 20 to 25 ships working on machinery in engine rooms and that he was exposed to asbestos from Aurora pump insulation and gasket seal work. (*Id.* at 119:12-122:9). Dumas testified that Aurora manufactured the various pumps based upon their manuals. (*Id.* at 175:13-176:2.) Viewed in a light most favorable to Dumas, the fact finder could decide that Aurora supplied the original, asbestos-containing products and that Dumas was substantially exposed as a result.

### c. Objections of Ingersoll Rand

Ingersoll Rand argues that Judge Fallon erred when she recommended the court deny Ingersoll Rand's summary judgment motion because there is no evidence that Dumas was exposed to asbestos from any Ingersoll Rand product. (D.I. 425 at 3.) Judge Fallon relied on the testimony of four witnesses: Mr. Mauldin, Mr. Methner, Mr. Dutridge, and Mr. McWhirter. Ingersoll Rand argues that none of these witnesses' testimony establishes that Dumas was actually exposed to asbestos from an Ingersoll Rand pump. (*Id.*) Dumas responds that these arguments fail to point to specific problems in Judge Fallon's analysis and that these objections are insufficient to warrant *de novo* review because they repeat arguments that Ingersoll Rand made in its initial briefing on the motion for summary judgment. (D.I. 438 at 2-3.)

The court must agree with Dumas. Ingersoll Rand raises arguments included in previous summary judgment briefing. (D.I. 365 at 4-13, 16-18). Additionally, Dumas presented circumstantial evidence that Ingersoll Rand supplied the original asbestos-containing gaskets and packing in its pumps and that Dumas was substantially exposed to asbestos as a result. (D.I. 381 at 13). Specifically, Mr. Mauldin testified that Ingersoll Rand pumps utilized asbestos containing insulation, (*id.* at 1-4, Ex. A at 179:22-184:14, 269:9-17), and Mr. Methner testified that Ingersoll Rand pumps utilized asbestos-containing gaskets and packing. (D.I. 381 at 3-5, Ex. B at 311:20-

6

312:23, 309:8-310: 19). Viewed in a light most favorable to Dumas, the fact finder could determine that Ingersoll Rand supplied the asbestos-containing products, raising a genuine issue of material fact with respect to Ingersoll Rand's liability.

### d. Objections of IMO

IMO argues that the R&R erroneously found that Dumas produced sufficient co-worker testimony to conclude that he was in the presence of others while they worked on IMO products. (D.I. 426 at 2.) They also argue that the R&R erroneously concluded that Dumas was exposed to IMO's original components parts. (*Id.* at 5.) Finally, they argue that the R&R erred when it supported Dumas' contention that IMO's pumps were a "substantial factor" in causing Mr. Dumas' injuries. (*Id.* at 10.) Dumas responds that these objections are insufficient to warrant *de novo* review because they repeat previously rejected arguments. (D.I. 443 at 2-3.) Dumas also argues that it has alleged sufficient facts to demonstrate exposure to IMO's asbestos-containing gaskets and packing in IMO pumps through the testimony of Mr. Mauldin, Mr. Methner, Mr. McWhirter, and Dumas himself. (D.I. 443 at 3-6.)

The court must agree with Dumas and deny IMO's summary judgment motion. IMO advanced the same arguments in its summary judgment briefings. (D.I. 398 at 1-10.) Additionally, Dumas developed circumstantial evidence showing that IMO supplied the original, internal asbestos containing gaskets and packing in its pumps through the testimony of Mr. McWhirter's, (D.I. 376 at 6, Ex. G at 107:20-108:4, 114:9-115:16, 122:18-25), Mr. Mauldin, (D.I. 376 at 4-7), and through Dumas' own testimony. (Ex. G at 102:8-11, 103:3-15; 112:18-113:21.) Viewed in a light most favorable to Dumas, the fact finder could conclude that Dumas' injuries were caused by asbestos-containing IMO products and that the exposure was a substantial factor in causing Dumas injuries, thus raising a genuine issue of material fact with respect to IMO's liability for Dumas'

injuries.

**e. Objections of Warren**

Warren objects to Magistrate Judge Fallon's conclusion that there was a genuine dispute as to whether Dumas' alleged injuries were substantially caused by asbestos-containing products manufactured or supplied by Warren. (D.I. 423). Warren avers that it did not manufacture the main feed pumps used aboard the USS Forrestal. Warren argues that Magistrate Judge Fallon's conclusion that Dumas' exposure evidence is conjecture and thus insufficient to withstand summary judgment. (*Id.* at 19-28.) Dumas responds that these objections are insufficient to warrant *de novo* review because they summarize arguments Warren made in its initial briefing on the motion for summary judgment, which Judge Fallon rejected. (D.I. 393,1-5, 5-8.) Dumas contends that Warren supplied the main feed pumps on the Forrestal and that this was a substantial factor in Dumas' asbestos exposure. (D.I. 423 at 14, 34-35.)

The court must agree with Judge Fallon that there is an issue of fact as to whether Dumas had substantial exposure to a Warren pump containing asbestos components. Mr. Mauldin testified that Warren manufactured the "main feed" pumps present in a shop where Dumas worked, (D.I. 382 at 2, Ex. A at 143:21-144:13), and that such pumps contained original asbestos infused components. (Ex. A at 192:25-195:17, 233:2-234:20, Ex. F at 90:19-91:13). Dumas also relies on the Warren Technical Manual regarding product specifications for its pumps, which lists replacement packing, gaskets, and insulation containing asbestos. (Ex. E). Viewing the facts in the light most favorable to Dumas, a fact finder could determine that Dumas was exposed to asbestos as a result of pumps supplied by Warren and that this was a substantial factor in Dumas' asbestos exposure.

## IV. CONCLUSION

For the foregoing reasons, the court adopts the magistrate judge's R&R. The court grants the Defendants' motion for summary judgment as to Electrolux, ABB, Velan Valve, GE, CBS, Foster Wheeler, and Owens-Illinois and denies summary judgment as to Buffalo, Ingersoll Rand (denied-in-part), Aurora, IMO, and Warren (denied-in-part). The court grants summary judgment as to Ingersoll Rand and Warren on the issue of punitive damages, which Dumas has failed to establish.

Dated: January 26, 2016

_____
UNITED STATES DISTRICT JUDGE